## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff/Respondent,** | |
| **v.** | **Case No. 16-20092-01-JAR** |
| **MARCELINO ALMARAZ,** | |
| **Defendant/Petitioner.** | |

### MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Marcelino Almaraz's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 68).  The Government has responded (Doc. 70).  For the reasons explained more fully below, Almaraz's motion is denied without an evidentiary hearing.

### I.      Background

On October 19, 2016, a federal grand jury indicted Almaraz on sixteen counts of illegal activity related to the preparation, presentation, and filing of false or fraudulent income tax returns.  Fourteen counts related to aiding or assisting in the preparation of false or fraudulent income tax returns in violation of 26 U.S.C. § 7206(2), and the remaining two counts related to filing false tax returns in violation of 26 U.S.C. § 7206(1).  Almaraz pled guilty to Counts 7 and 16 on February 22, 2018.  Count 7 charged Almaraz with violating 26 U.S.C. § 7206(2) and Count 16 charged him with violating 26 U.S.C. § 7206(1).  He was represented by Carl Cornwell throughout the relevant portion of his criminal proceedings.[1]

---

[1]The Court notes Almaraz was represented by various attorneys throughout his criminal proceedings, including Robin Fowler (Doc. 8), Mitch Biebighauser (Doc. 9), Thomas Bartee (Doc. 23), and Carl Cornwell (Doc. 28).  On appeal, Almaraz was represented by Paige Nichols (Doc. 64).  As discussed *infra*, Almaraz's ineffective

Following his plea, this Court sentenced Almaraz to 21-months' imprisonment to be followed by a one-year term of supervised release.  The Court also mandated payment of the $200 special assessment and ordered restitution in the amount of $397,552.  Almaraz appealed, arguing his trial attorney had provided ineffective assistance.  The Government responded with a Motion for Enforcement of Appeal Waiver, arguing that Almaraz was required to seek relief through a collateral attack rather than on direct appeal.  The Tenth Circuit agreed, granting the Government's Motion for Enforcement.[2]

This timely § 2255 motion followed, raising claims for relief related to trial counsel's allegedly deficient performance.  Though vague, Almaraz's motion refers to issues related to the amount of restitution he owed and his guilty plea.  Almaraz also references entering the plea agreement on the advice of counsel.  Almaraz has completed his term of imprisonment and was removed to Mexico.

## II.     Legal Standard

Section 2255 entitles a federal prisoner to relief if a court determines "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[3] The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[4]  A § 2255

---

assistance of counsel claims, which relate to his plea negotiations and decision to enter a guilty plea, only pertain to Carl Cornwell.

[2]Doc. 67.

[3]28 U.S.C. § 2255(b).

[4]*United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255(b)).

petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[5]

An evidentiary hearing is not necessary where the factual allegations are contradicted by the

record, inherently incredible, or when they are conclusions rather than statements of fact.[6]

## III.   Discussion

Almaraz raises two claims related to ineffective assistance of counsel.  First, he argues he

pled guilty "because [his] attorney agree[d] on a conditional plea" and his attorney said he would

appeal Almaraz's conviction, including the amount of restitution he owed.[7]  Almaraz asserts the

Government "had erroneously figured [his] income," which led to errors in the restitution

calculation.[8]  Second, Almaraz seeks relief because the individual identified in Count Seven was

"not [his] client," but he was instructed to plead guilty by counsel.[9]  The Court liberally

construes both counts as arguing Almaraz's counsel was ineffective, and that as a result, his

guilty plea was not knowing and voluntary.[10]

### A.  Ineffective Assistance of Counsel Standard

The Sixth Amendment guarantees that "[i]n all criminal prosecution, the accused shall

enjoy the right . . . to have the Assistance of Counsel for his defence."[11]  A successful claim of

ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v.*

*Washington*.[12]  First, a defendant must show counsel's performance was deficient in that it "fell

---

[5]*In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009).

[6]*See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995) ("[t]he allegations must be specific and particularized, not general or conclusory").

[7]Doc. 68 at 4.

[8]*Id.*

[9]*Id.* at 5.

[10]*See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (holding pro se pleadings must be liberally construed, yet there are limits).

[11]U.S. Const. amend. VI; *see also Kansas v. Ventris*, 556 U.S. 586 (2009).

[12]466 U.S. 668 (1984).

below an objective standard of reasonableness."[13]  To meet this first prong, a defendant must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[14]  This standard is "highly demanding."[15]  Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "'completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy.'"[16]  In all events, judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[17]  Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error, and "every effort should be made to 'eliminate the distorting effects of hindsight.'"[18]

Second, a defendant must show his counsel's deficient performance actually prejudiced his defense.[19]  To prevail on this prong, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[20]  A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome."[21]  This, in turn, requires courts to focus on "the question whether

---

[13]*Id.* at 688.

[14]*Id.* at 690.

[15]*Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[16]*Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995)).

[17]*Strickland*, 466 U.S. at 689.

[18]*Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

[19]*Strickland*, 466 U.S. at 691–92.

[20]*Id.* at 694.

[21]*Id.*

counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[22]

A defendant must satisfy both *Strickland* prongs to establish a claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[23]  "The performance component need not be addressed first.  'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'"[24]

### B.  Application

Here, Almaraz fails to satisfy either prong of *Strickland*.  He has not identified any actions or failures to act that would fall below an objective standard of reasonableness, much less provided factual support for any such claim.  In fact, Almaraz attaches letters from counsel to his § 2255 motion that demonstrate his attorney hired a forensic accountant to review the issue of how much restitution Almaraz would owe prior to sentencing.[25]  Even if Almaraz could demonstrate his attorney erroneously informed him that he could appeal the amount of restitution, the Court explained to Almaraz that he would have limited rights of appeal as a result of his plea.[26]  The Court made clear that all appellate rights would be waived other than the appellate rights explicitly described in the plea agreement.[27]  Almaraz indicated to the Court that

---

[22]*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[23]*Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

[24]*Id.* (quoting *Strickland*, 466 U.S. at 697); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

[25]Doc. 68-1 at 1–3.

[26]Tr. of Plea Hrg., Doc. 47 at 12.

[27]*Id.*

he understood.[28]  He therefore cannot plausibly allege he believed he could appeal the amount of restitution—an amount he agreed to both in writing and verbally during his plea colloquy.[29]

Almaraz also implicitly argues that, as a result of ineffective counsel, his plea was not knowing and voluntary.  A defendant's guilty plea must be knowing, voluntary, and intelligent.  "To enter a plea that is knowing and voluntary, the defendant must have 'a full understanding of what the plea connotes and of its consequence.'"[30]  "Rule 11 of the Federal Rules of Criminal Procedure prescribes procedures designed to ensure a plea is made knowingly and voluntarily."[31]  To determine whether a plea agreement is knowing and voluntary, the Tenth Circuit considers "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and whether the trial court conducted "an adequate Federal Rule of Criminal Procedure 11 colloquy."[32]

Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of a defendant's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established.[33]  Here, the record of the plea hearing contains nothing to suggest Almaraz's plea was either unknowing or involuntary, or that he was unaware of the consequences of his plea.  Almaraz acknowledged he had gone over the charges with counsel, understood what he was charged with, discussed the evidence the Government had against him

---

[28]*Id.*

[29]*Id.* at 19; *see also* Doc. 45 at 2, 5, 7–8.

[30]*United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)).

[31]*United States v. Elias*, 937 F.2d 1514, 1517 (10th Cir. 1991).

[32]*United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004); *United States v. Rollings*, 751 F.3d 1183, 1189 (10th Cir. 2014).

[33]*United States v. Glass*, 66 F. App'x 808, 810 (10th Cir. 2003); *United States v. Jones*, 124 F.3d 218 (10th Cir. 1997).

with counsel, and discussed the plea agreement with counsel.[34]   Additionally, Almaraz indicated

that he was satisfied with the advice and representation he received from counsel; that it was his

decision to enter the plea agreement with the Government; that no one pressured, threatened, or

coerced him to make that decision; and that the decision to plea was made voluntarily and of his

own free will.[35]   The Court questioned Almaraz's understanding of the restitution agreement and

the waiver of most of his appellate rights, and Almaraz indicated he understood.[36]   Nothing in

Almaraz's § 2255 motion identifies, with requisite specificity or factual allegations, which

actions or inactions he believes counsel took that were objectively unreasonable or would belie

Almaraz's statements made to the Court during his plea colloquy.   Thus, Almaraz's claims fail

on the first *Strickland* prong.

　　　Even if Almaraz were able to demonstrate an action or failure to act that met the first

*Strickland* prong, Almaraz has made no showing that any of counsel's actions or inactions

prejudiced his defense.   He makes no argument regarding the prejudice he believes he suffered,

and the Court does not find any contrary evidence in the record.   To prevail on the prejudice

prong of *Strickland* in the context of a guilty plea, the defendant must show that there is "a

'reasonable probability' that [he] 'would not have pleaded guilty and would have insisted on

going to trial' but for counsel's errors."[37]   The Court must make a holistic inquiry into all factual

circumstances surrounding the plea to determine whether the petitioner would have proceeded to

trial.[38]   Mere allegations that the petitioner would have insisted on going to trial, although

---

[34]Tr. of Plea Hrg., Doc. 47 at 4, 12.

[35]*Id.* at 5, 13.

[36]*Id.* at 12, 19.

[37]*Heard v. Addison*, 728 F.3d 1170, 1175–76 (10th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[38]*Id.* at 1183.

necessary, are insufficient.[39]  "Proof of prejudice requires a petitioner to show that 'a decision to reject the plea bargain would have been rational under the circumstances.'"[40]  To determine rationality, courts assess "objective facts specific to a petitioner, such as age, the length of the sentence he faced under the terms of the plea deal, the prospect of minimizing exposure to other charged counts, and so on."[41]  The Tenth Circuit "remain[s] suspicious of bald, post hoc and unsupported statements that a defendant would have changed his plea absent counsel's errors."[42]

Considering the detailed, agreed-upon factual basis for his plea in the plea agreement, Almaraz has not shown a reasonable probability that but for counsel's alleged improper conduct, the results of the plea proceeding would have been different.[43]  As part of the plea, Almaraz acknowledged a factual basis for the plea describing how he prepared and filed multiple fraudulent tax returns for a business he owned and individual clients.[44]  In exchange for his guilty plea, the Government agreed to: (1) dismiss the other fourteen charges in the indictment; (2) not file additional charges against Almaraz arising out of the facts forming the basis of the indictment; (3) allow Almaraz to request a downward departure and/or variance; and (4) recommend Almaraz receive a two-level reduction in the applicable offense level under USSG § 3E1.1 for acceptance of responsibility.[45]  Thus, even if Almaraz had argued he would have rejected the plea agreement but for counsel's alleged errors, he could not demonstrate that doing

---

[39] *Id.* at 1184.

[40] *Id.* (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

[41] *Id.* at 1183.

[42] *Id.* at 1184.

[43] *See United States v. Young*, 206 F. App'x 779, 785 (10th Cir. 2006).

[44] Tr. of Plea Hrg., Doc. 47 at 21–23.

[45] Doc. 45 at 3–4.

so would have been rational under the circumstances.[46]  Accordingly, Almaraz's claims fail to

satisfy either *Strickland* prong, and he is not entitled to relief.

## IV.   Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, courts must issue or

deny a certificate of appealability when entering a final order adverse to the applicant.[47]  A

certificate of appealability may issue only if the applicant has made a substantial showing of the

denial of a constitutional right.[48]  To satisfy this standard, the movant must demonstrate that

"reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong."[49]  For the reasons stated above, the Court finds Almaraz has not satisfied

this standard and, therefore, denies a certificate of appealability as to its ruling on his

§ 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Almaraz's Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody (Doc. 68) is **denied** without evidentiary hearing, and Almaraz is **denied** a certificate of

appealability.

**IT IS SO ORDERED.**

Dated: June 23, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[46]*See Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

[47]The denial of a § 2255 motion is not appealable unless a circuit justice or a district judge issues a
certificate of appealability.  Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[48]28 U.S.C. § 2253(c)(2).

[49]*Saiz v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282
(2004)).